UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE BARTON,<br><br>            Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy,<br><br>            Defendant. | Case No.: 3:21-cv-01332-BEN-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 6]** |

      Plaintiff Kristine Barton ("Plaintiff") is suing Defendant Carlos Del Toro, in his official capacity as Secretary of the Navy[1] based on what Plaintiff claims to be discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Vocational Rehabilitation Act, and the Family Medical Leave Act (FMLA). Plaintiff's complaint cites four claims for relief: (1) Discrimination based on Plaintiff's protected classification, (2) Discrimination based on hostile work environment, (3) Discrimination based on reprisal; and (4) Violations of the FMLA. *See generally* Complaint, ECF No. 1.

---

[1] This case was originally brought against then Acting Secretary of the Navy Thomas Harker. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Del Toro is automatically substituted for former Acting Secretary Harker as a named party upon his appointment.

1

Defendant filed the Motion to Dismiss which is now before the Court.  ECF No. 6.  For the reasons set forth below, the motion is **GRANTED**.

I.   BACKGROUND[2]

Plaintiff is a registered nurse who was employed by the Department of the Navy. Around 2017, she accepted a temporary assignment to Naval Hospital Sigonella, Italy. ECF No. 1 at 3.  Plaintiff alleges that after she arrived in Italy, she started receiving hostile treatment from hospital leadership as well as other supervisory members of the hospital staff.  *Id.*  In early 2018, Plaintiff sought FMLA leave to attend to her adult son who resided in the United States.  *Id.* at 5.  Plaintiff's FMLA leave ran from June 30, 2018, to August 28, 2018.  *Id.*  During this leave period, the Naval Hospital Sigonella Security Officer submitted a report to the Department of Defense's Consolidated Adjudications Facility (DoDCAF) regarding some of Plaintiff's purported financial difficulties.  *Id.*  Plaintiff disputes the accuracy of the report.  *Id.*

Plaintiff's security clearance was temporarily removed in July 2018, which led to Plaintiff being unable to perform the core functions of her position, as she worked in a Department of Defense facility.  *Id.* at 6.  On March 19, 2019, her security clearance was permanently revoked.  *Id.*  Three days later, Plaintiff was reassigned within the hospital to a position that did not require a clearance.  *Id.*  Plaintiff's requests for various certifications relating to her nursing practice were denied by the Command on May 23, 2019.  *Id.*  Plaintiff also had a certification class cancelled on October 21, 2019.  *Id.* Plaintiff had obtained written approval from the Command's security manager for the latter course.  *Id.*

In addition to being denied the opportunity to attend certification courses, Plaintiff also asserts a host of alleged discriminatory behavior including denying requests for sick

---

[2]   The following overview of the facts is drawn from Plaintiff's Complaint, ECF No. 1, which the Court assumes true in analyzing the motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court is not making factual findings.

leave, discipline for taking FMLA, submitting a security clearance report containing false information, adverse performance reviews, subjecting Plaintiff to multiple targeted drug tests, and ignoring Plaintiff's expressed concerns regarding COVID-19 safety precautions at the start of the pandemic. *Id.* at 4-5. On or about April 15, 2020, in response to her treatment since starting her position at Naval Hospital Sigonella, Plaintiff initiated an Equal Employment Opportunity (EEO) office pre-complaint counseling to address her concerns. *Id.* at 2. The pre-counseling process concluded on July 8, 2020, and Plaintiff filed a formal EEO complaint on July 23, 2020. *Id.* Plaintiff's claims were investigated as to some portions of her complaint and the EEO office returned its findings to Plaintiff on January 14, 2021. *Id.* Plaintiff received the Final Agency Determination, thus ending her EEO complaint, on April 26, 2021. *Id.*

## II.    LEGAL STANDARD

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   ANALYSIS

Defendant seeks dismissal of all four of Plaintiff's Claims for Relief. The Court

addresses Claims 1-3 jointly and Claim 4 separately below.

### A. Discrimination Claims Under Title VII and the Vocational Rehabilitation Act

A plaintiff must first exhaust his administrative remedies before litigating Title VII claims in federal court. *See* 42 U.S.C. § 2000e-16(c); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). To exhaust administrative remedies, a federal employee must notify an EEO counselor of alleged discriminatory conduct within 45 days of the alleged conduct, and if the matter is unresolved, the employee may submit a formal administrative complaint to the agency. *See* 29 C.F.R. § 1614.105(a). An employee's failure to contact an EEO counselor within 45 days of the alleged discriminatory event is grounds to dismiss the complaint, or the untimely allegations within the employee's complaint. *See* 29 C.F.R. §§ 1614.107(a)(2)(b); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

Here, Plaintiff fails to allege any discriminatory act that occurred during the 45-day window preceding initiation of EEO counseling. The alleged final discriminatory act, the cancellation of one of Plaintiff's certification courses, occurred on October 21, 2019. Complaint, ECF No. 1 at 6. As Plaintiff did not initiate EEO contact until April 14, 2020, any discriminatory action by Defendant would have to occur after February 29, 2020. In her complaint, Plaintiff focuses on the time elapsed between the conclusion of the EEO process and the initiation of this case, but that is not the only important window of time for purposes of assessing the timeliness of Plaintiff's exhaustion of remedies.

Plaintiff also alleges the discriminatory conduct was ongoing and continuing week by week leading up to the initiation of the EEO process. Pl.'s Opp'n, ECF No. 7 at 7. This is insufficient to sustain a complaint. As the Ninth Circuit recognized, the Plaintiff "must demonstrate a series of closely related similar occurrences that took place within the same general time period and stemmed from the same source." *Draper v. Coeur Rochester, Inc.*, 147 F3d 1104, 1108 (9th Cir. 1998). "[M]ere continuing impact from past violations is not actionable" if the violations lie outside the statute of limitations

period. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Any allegations of "early 2020 conduct" are vague and conclusory in nature in the Plaintiff's complaint.

Claims for Relief 1-3 are dismissed for lack of timeliness.

**B.   FMLA Claim**

An action brought under the FMLA must be brought not later than two years after the date of the last event constituting the alleged violation for which the action is brought. 29 U.S.C. § 2617(c)(1). Here, Plaintiff's last use of FMLA leave was August 28, 2018; Plaintiff's current suit was initiated July 23, 2021, outside the two-year period. Plaintiff's only response to this is that discriminatory conduct relating to her FMLA leave occurred after August 28, 2018, but she fails to cite any authority or pinpoint specific facts that support this argument.

The FMLA lists prohibited actions in 29 U.S.C. § 2615. An employer cannot interfere with an employee's exercise of FMLA rights, discriminate based on FMLA elections, or interfere with proceedings or inquiries (cannot discharge or discriminate against someone if they are involved in actions under the FMLA). *Id.* Here, it is unclear what violation under the FMLA the Plaintiff is alleging. Plaintiff's complaint alleges, "Defendant violated Plaintiff's rights under FMLA by engaging in a continuing course of conduct which has included, but is not limited to, at least some of the acts alleged above." Complaint, ECF No. 1 at 10. Plaintiff fails to establish the timeliness of the complaint and this vague assertion also runs afoul of *Iqbal* and *Twombly* pleading standards.

The only act of discrimination alleged within the two-year window is the cancellation of Plaintiff's NRP certification class in October 2019. But, Plaintiff fails to point to any plausible connection between her taking FMLA leave and this cancellation. The Complaint indicates this is tied to the revocation of Plaintiff's security clearance, which is not actionable under FMLA. Based on the face of Plaintiff's complaint, there is no FMLA violation alleged within the two-year window from the filing of the complaint. Accordingly, Plaintiff's fourth claim for relief is dismissed.

### C. Leave to Amend

If a court dismisses a complaint, it may grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court finds any amendment to Claims 1-3 would be futile. Plaintiff laid out the alleged discriminatory actions she experienced, and all are well before the 45-day window of initiation of EEO proceedings. The Court will allow Plaintiff to amend her FMLA-related claim for relief to cite specific incidents that occurred after July 23, 2019, that show discrimination based on her opting to use FMLA leave. Mere assertions of discrimination after this time without a direct tie to using FMLA leave are insufficient.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Claims for Relief 1-4 are dismissed.
2. Plaintiff may file a First Amended Complaint within fourteen (14) days that cures the pleading deficiencies identified in this Order solely on the FMLA claim. If Plaintiff fails to cure the deficiencies outlined by the Court, the Court may dismiss this matter *with prejudice*.

**IT IS SO ORDERED.**

Dated: July 5, 2022

**HON. ROGER T. BENITEZ**
United States District Judge