UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE BARTON,<br><br>             Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy,<br><br>             Defendant. | Case No.: 3:21-cv-01332-BEN-JLB<br><br>**ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 12]** |

      Plaintiff Kristine Barton ("Plaintiff") is suing Defendant Carlos Del Toro, in his official capacity as Secretary of the Navy[1] based on violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq* ("FMLA"). Plaintiff's First Amended Complaint ("FAC") cites two claims for relief: Interference with FMLA leave and Retaliation for Taking FMLA leave. *See generally* FAC, ECF No. 11.

      Before the Court is Defendant's Motion to Dismiss the FAC. ECF No. 12. For the reasons set forth below, the motion is **GRANTED-IN-PART**.

---

[1] This case was originally brought against then Acting Secretary of the Navy Thomas Harker. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Del Toro is automatically substituted for former Acting Secretary Harker as a named party upon his appointment.

1

## I. BACKGROUND

### A. Factual Background[2]

Plaintiff was a registered nurse employed by the Department of the Navy. FAC ¶ 14. In 2017, she accepted a temporary assignment to Naval Hospital Sigonella, Italy. *Id.* ¶ 15. Plaintiff alleges that after she arrived in Italy, she started receiving hostile treatment from hospital leadership as well as other supervisory members of the hospital staff. *Id.* ¶¶ 16-18. In mid 2018, Plaintiff sought FMLA leave to attend to her adult son who resided in the United States. *Id.* ¶ 21. Plaintiff's FMLA leave ran from June 30, 2018, to August 28, 2018. *Id.* ¶ 22. During her leave, the Naval Hospital Sigonella Security Officer submitted a report to the Department of Defense's Consolidated Adjudications Facility regarding some of Plaintiff's purported financial difficulties. *Id.* ¶ 28. Plaintiff disputes the accuracy of the report. *Id.*

Plaintiff's security clearance was temporarily removed in July 2018, which led to Plaintiff being unable to perform the core functions of her position. *Id.* ¶ 31. On March 22, 2019, Plaintiff was reassigned within the hospital to a position that did not require a clearance. *Id.* ¶ 33. Plaintiff's requests for various certifications relating to her nursing practice were denied by the Command on May 23, 2019. *Id.* ¶ 34. Plaintiff had a certification class cancelled on October 21, 2019, despite her having obtained written approval to attend the class. *Id.* In addition to being denied the opportunity to attend certification courses, Plaintiff also asserts a host of alleged discriminatory behavior. *Id.* ¶¶ 36-54.

### B. Procedural History

Plaintiff filed her original complaint on July 23, 2021, alleging four claims for relief, three arising under Title VII and one under FMLA. ECF No. 1. Defendant moved

---

[2] The following overview of the facts is drawn from Plaintiff's FAC, ECF No. 11, which the Court assumes as true in analyzing the instant motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

to dismiss this complaint on various grounds.  This Court granted Defendant's motion, dismissing Plaintiff's Title VII discrimination claims with prejudice due to a lack of timeliness for the allegations it alleged, but allowing Plaintiff to amend her complaint with regard to the FMLA claim.  *See* ECF No. 10.

## II.   LEGAL STANDARD

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable or plausible legal theory.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff."  *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

## III.   ANALYSIS

Defendant seeks dismissal of both claims for relief alleged in the FAC.  ECF No. 12.  Plaintiff's response to the instant motion makes a request for reconsideration of the Court's prior order granting Defendant's motion to dismiss the original complaint.  *See* ECF No. 13.  Defendant urges the Court to deny this request as well.

### A.   Plaintiff's FMLA Claims Are Barred by Sovereign Immunity

Defendant argues that Plaintiff's FMLA claims are barred as a matter of law because the federal government has not waived sovereign immunity with respect to such claims, citing *Russell v. U.S. Dept. of the Army*, 191 F.3d 1016, 1018-19 (9th Cir. 1999).

In response, Plaintiff essentially argues it does not make sense for there to be a private right of action for certain federal employees but not all federal employees.

The FMLA grants private and federal employees an entitlement to periods of leave for certain enumerated circumstances. Federal civil service employees with more than twelve months of service are covered under Title II of the FMLA. 5 U.S.C. § 6381 *et seq*. Covered under Title I of the FMLA are private employees and federal employees otherwise not covered by Title II. 29 U.S.C. § 2601 *et seq*. While employees under Title I and Title II are afforded equivalent rights to leave time, only Title I contains a provision affording a private right of action to remedy employer violation of FMLA rights. *See* 29 U.S.C. § 2617(a)(2); 5 U.S.C. §§ 6381-6387 (no analogous provision).

In *Russell*, the Ninth Circuit held the absence of express statutory authorization for suit under Title II barred a plaintiff's FMLA claims. "[I]t is axiomatic that suits against the government are barred by sovereign immunity absent an unequivocally expressed waiver." *Russell,* 191 F.3d at 1018. In *Russell,* the Ninth Circuit expressly adopted the reasoning of the Fourth Circuit on this issue:

> "No unequivocal waiver of immunity exists in Title II, and, consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA…"

*Id*. at 1019 (quoting *Mann v. Haigh*, 120 F.3d 34 (4th Cir. 1997)). Plaintiff's arguments in response are centered on public policy, noting "[I]t would be a curious circumstance indeed for Congress to vest a private right of action for FMLA violations in a probationary federal employee and deny the same right to a fully vested federal employee." ECF No. 13.

Ninth Circuit precedent is clear. Absent an "unequivocally expressed waiver," sovereign immunity bars Plaintiff's suit for FMLA violations against Department of the Navy.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's first and second claims for relief under the FMLA *with prejudice*.

B.      Request for Reconsideration

Plaintiff argues for reconsideration of this Court's dismissal of her Title VII claims, and requests leave to re-allege them. A party may seek reconsideration of a court order under the Local Rules for the U.S. District Court, Southern District of California (the "Local Rules"). *See* Local Rule 7.1(i). District courts have analyzed a motion for reconsideration made under Local Rules as a motion to alter or amend a judgment under the Federal Rules of Civil Procedure (the "Federal Rules") 59(e) or 60(b). *See Soler v. Cty. of San Diego*, No. 14-cv-02470-MMA-RBB, 2017 WL 11420586 at *1 (S.D. Cal. Jan. 17, 2021) ("A timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).") (citation omitted); *Sams v. California Dep't of Corr. and Rehab.*, No. 21-cv-00493-ODW-JDE, 2021 WL 6618626 at *3 (C.D. Cal. Aug. 19, 2021) ("Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b).") (citation omitted).

Defendant argues Plaintiff's request is not timely under the Local Rules. Local Rule 7.1(i)(2) requires reconsideration requests to be filed within twenty-eight days after entry of the ruling, order, or judgment sought to be reconsidered. Under Federal Rule 59(e), the motion must also be made within twenty-eight days after entry of the order or judgment. The procedural requirements under Federal Rule 60(b) are more liberal. The motion must be made "within a reasonable time"—no more than one year after entry of judgement under certain theories—and for "any other reason that justifies relief." F.R.C.P. 60(b)(6).

The Court reconsiders its previous order dismissing Plaintiff's Title VII claims *with prejudice*. Leave to amend is ordinarily freely given and only denied when "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc., v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Here, Plaintiff has sufficiently demonstrated that other facts in the relevant statutory time-

period can be alleged.  *See e.g.,* Plaintiff's Opposition (Dkt. 13), Exhs. A & B (listing eleven paragraphs of factual allegations of Title VII violations within 45 days of initiating EEO proceedings).  Thus, reconsideration falls within the purview of Federal Rule 60(b)(6).

Accordingly, the Court having reconsidered its dismissal of Plaintiff's Title VII claims, GRANTS Plaintiff's motion to amend her complaint to re-allege her Title VII claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders:

Claims I and II of Plaintiff's First Amended Complaint for alleged violations of the FMLA are DISMISSED *with prejudice*.  However, Plaintiff will have twenty-one days from the date of this Order to amend her complaint to re-allege the previously dismissed Title VII claims.

**IT IS SO ORDERED.**

Dated: January 24, 2023

_____
HON. ROGER T. BENITEZ
United States District Judge