

FILED

MAY 0 8 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          G.V          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KRISTINE BARTON,

Plaintiff,

v.

CARLOS DEL TORO, Secretary of the Navy,

Defendant.

Case No.: 3:21-cv-01332-BEN-JLB

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**[ECF No. 18]**

Plaintiff Kristine Barton ("Plaintiff") is suing Defendant Carlos Del Toro, in his official capacity as Secretary of the Navy for violations of three statutes: (1) Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-16(a) and 42 U.S.C. § 2000e-2(a); (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a; and (3) the Vocational Rehabilitation Act ("VRA"), as amended, 29 U.S.C. § 794a and 42 U.S.C. § 12112(b)(4) .[1]  Plaintiff's Second Amended Complaint ("SAC") lists the following three claims for relief, each pled under all three statutes: Discrimination,

---

[1] This case was originally brought against then Acting Secretary of the Navy Thomas Harker.  In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Del Toro is automatically substituted for former Acting Secretary Harker as a named party upon his appointment.

Discrimination based on Hostile Work Environment, and Discrimination based on Reprisal. *See generally* SAC, ECF No. 17.

Before the Court is Defendant's Motion to Dismiss the SAC. ECF No. 18. For the reasons set forth below, the motion is **DENIED**.

## I.   BACKGROUND[2]

Plaintiff was a registered nurse employed by the Department of the Navy. SAC ¶ 14. In 2017, she accepted a temporary assignment to a Naval Hospital in Sigonella, Italy. *Id.* ¶ 15. Plaintiff alleges after her arrival in Italy, she received hostile treatment from hospital leadership as well as other supervisory members of the hospital staff. *Id.* ¶¶ 16-18. In mid 2018, Plaintiff was granted FMLA leave to attend to her adult son who resided in the United States. *Id.* ¶ 21. Plaintiff's FMLA leave ran from June 30, 2018, to August 28, 2018. *Id.* ¶ 22. During her leave, the Naval Hospital Security Officer submitted a report to the Department of Defense's Consolidated Adjudications Facility regarding some of Plaintiff's purported financial difficulties. *Id.* ¶ 28. Because of this report, Plaintiff's security clearance was temporarily removed in July 2018. *Id.* ¶ 31. Because having a security clearance was a "baseline requirement" for a position as a nurse, Plaintiff needed to be transferred to another position. *Id.*

On March 22, 2019, Plaintiff was reassigned within the hospital to a "greeter" position which did not require a security clearance. *Id.* ¶ 33. Plaintiff asserts a host of alleged discriminatory behavior was directed towards her while working in this position, including: the duties of her position as a greeter were ill-defined, and Plaintiff was subject to arbitrary restrictions while on shift; Plaintiff received multiple, overly harsh reprimands from Command staff, some of which occurred in public areas; Plaintiff received two unjustifiably negative performance reviews in 2019 and 2020; and Plaintiff

---

[2]   The following overview of the facts is drawn from Plaintiff's SAC, ECF No. 17, which the Court assumes as true in analyzing the instant motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

2

1   was not provided proper protective equipment when the Covid-19 pandemic began. *Id.*

2   ¶¶ 36-54.

3   **II.   LEGAL STANDARD**

4       A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be

5   based on the lack of a cognizable legal theory or absence of sufficient facts to support a

6   cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d

7   1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When

8   considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s]

9   inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto*

10  *Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege

11  conceivably unlawful conduct but must allege "enough facts to state a claim to relief that

12  is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

13  is facially plausible 'when the plaintiff pleads factual content that allows the court to

14  draw the reasonable inference that the defendant is liable for the misconduct alleged.'"

15  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action,

17  supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

18      It is important to note that plaintiffs alleging discrimination under Title VII do not

19  have the burden of establishing a prima facie case at the pleadings stage. *Swierkiewicz v.*

20  *Sorema N.A.*, 534 U.S. 506, 510-11 (2002). As the Supreme Court noted in *Swierkiewicz*,

21  "The prima facie case … is an evidentiary standard, not a pleading requirement…

22  [U]nder a notice pleading system, it is not appropriate to require a plaintiff to plead facts

23  establishing a prima facie case…" 534 U.S. at 510-11. The Court went on to note that it

24  had rejected the idea that a Title VII complaint requires heightened 'particularity', similar

25  to pleadings under Federal Rule of Civil Procedure 9(b). *Id.* at 511. However, a plaintiff

26  must still make "'sufficient, nonconclusory allegations' linking the challenged actions to

27  discrimination." *Chandler v. DeJoy*, 2021 WL 673289 at *13 (D. Ariz. 2021) (citing

28  *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019)).

1    **III.    ANALYSIS**

2         Defendant seeks dismissal of all claims for relief, with some of Defendant's

3    arguments related to specific claims and some pertinent to all claims.  ECF No. 18.

4         **A.    Security Clearance & Relevant Factual Allegations**

5         Defendant argues the bulk of Plaintiff's allegations are related to or a natural

6    consequence of the revocation of Plaintiff's security clearance, which cannot form the

7    basis of Plaintiff's claims because security clearance issues are not judicially reviewable.

8    *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 196-97 (9th Cir. 1995).  In response,

9    Plaintiff concedes this point, and goes even further, stating, "Plaintiff's security

10   clearance…was wholly incidental to the events giving rise to this litigation, and <u>unrelated</u>

11   <u>to any cause of action</u>…in the SAC."  ECF No. 19 (emphasis added).  The Court agrees it

12   would not be able to ultimately review allegations related to a revocation of Plaintiff's

13   security clearance because the Court would not be able to "determine whether the Navy's

14   proffered reasons for its decision were legitimate without necessarily reviewing the

15   merits of that decision."  *Brazil*, 66 F.3d at 197.  However, not all of Plaintiff's

16   allegations are directly related to her security clearance revocation.

17        The Court notes Defendant's related argument that Plaintiff's claims also fail

18   because, without a security clearance, Plaintiff was no longer qualified for her job as a

19   nurse.  Therefore, Defendant argues, Plaintiff cannot fulfill the second element of a prima

20   facie case of discrimination.  In response, "unartful phrasing in the SAC

21   notwithstanding," Plaintiff argues she was at all times qualified for her job, and further,

22   maintaining a security clearance was not technically necessary to perform the functions

23   of a nurse.  The Court finds it need not decide this issue.  All relevant discriminatory

24   actions took place while Plaintiff was a greeter, not a nurse.  Given allegations relating to

25   Plaintiff's loss of security clearance are, by her own terms, "unrelated to any cause of

26   action"—whether Plaintiff was qualified for her former position as a nurse is not strictly

27   necessary to resolve her discrimination claims.

28

                                          4

### B.      General Factual Insufficiency

Defendant next attacks the general factual sufficiency of Plaintiff's claims.  First, Defendant argues that without the allegations relating to revocation of Plaintiff's security clearance, the remaining facts do not give rise to the reasonable inference of discrimination.  Second, Defendant argues the SAC fails to make any specific, non-conclusory allegations regarding "similarly situated" employees who received better treatment than Plaintiff.  Plaintiff responds by summarily declaring the SAC states a prima facie case for all claims asserted.

In *Swierkiewicz*, the Supreme Court reviewed the dismissal of a complaint alleging employment discrimination based on age and national origin.  *Swierkiewicz,* 534 U.S. 506.  Plaintiff Swierkiewicz, a Hungarian national, alleged that his French national supervisor demoted him and eventually awarded his former position to a much younger and less experienced employee who was also a French national.  *Id.* at 508.  The Court granted certiorari to resolve a circuit split regarding whether the prima facie elements of a discrimination claim needed to be established at the pleading stage.  *Id.* at 510.  After making its holding resolving the circuit split, the Court went on to find the specific complaint at issue "easily satisfie[d]" the pleading requirements.  *Id.* at 514.  The Court noted:

> "[Swierkiewicz'] complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.  These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. "

*Id.*  Citing to *Swierkiewicz* in a footnote, the Ninth Circuit similarly found a seventeen-paragraph complaint stated a plausible claim of age discrimination under ADEA.  *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045 (9th Cir. 2012).  The Court noted, "Here, Sheppard's amended complaint alleges a 'plausible' prima facie case of age discrimination.  Her complaint alleges that: (1) she was at least forty years old; (2) her performance was satisfactory or better…; (3) she was discharged; and (4) her five

5

younger comparators kept their jobs." *Sheppard,* 694 F.3d at 1050 (quotation marks removed, cleaned up).  The Ninth Circuit also approved of the reasoning in a Seventh Circuit case, which articulated the line between brevity and factual insufficiency:

> "A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else.  That is an entirely plausible scenario, whether or not it describes what 'really' went on in [the] plaintiff's case."

*Id.* at 1050 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010).

Turning to the relevant factual allegations in the case before us, Plaintiff alleges sixteen instances of allegedly discriminatory conduct occurring after her transfer to position as a greeter, spanning from October 2019 to May 2020.  ECF No. 17, ¶¶ 36-54.  Just under half of these relate to reprimands and other hostile interactions with leadership, including the "unjustifiably negative" performance reviews Plaintiff received in 2019 and 2020.  *Id.*, ¶¶ 38, 40, 47, 50-52, 54.  Plaintiff's allegations also include several instances of onerous and arbitrary requirements and restrictions placed on her as a greeter, as well as exclusion from the hospital's resources and all-staff communications.  *Id.*, ¶¶ 33-37, 42, 44-45, 49.  Additionally, Plaintiff's SAC does contain four allegations that "no similarly situated employee" was also subjected to the same scrutiny or requirements.  *Id.*, ¶¶ 36, 39, 42, 45.

Ultimately, the Court is inclined to find Plaintiff's complaint sufficient.  Plaintiff lists sixteen instances of allegedly discriminatory behavior which clearly gives Defendant notice of the basis for Plaintiff's claims.  This fulfills the purpose of Federal Rule of Civil Procedure 8, which only requires a "short and plain statement of the claim…"  Additionally, it seems that many of Defendant's arguments relate to matters of a prima facie case, which has more to do with whether Plaintiff will ultimately be successful proving these claims.  This is not the test for a motion to dismiss.  The Supreme Court

has rejected a heightened pleading standard for discrimination complaints, noting, "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz*, at 511 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.  Parties are directed to contact Magistrate Judge Burkhardt's chambers to schedule a case management conference within seven days of this Order.

**IT IS SO ORDERED.**

Dated: May 8, 2023

HON. ROGER T. BENITEZ
United States District Judge

7